# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MULUSHOA ZENEBE**<br>2837 Myrtle Avenue NE<br>Washington, D.C. 20018<br><br>*Plaintiff,*<br><br>vs.<br><br>**BP 1330 CONNECTICUT AVENUE, LLC**<br>800 Boylston Street, Suite 1900<br>Boston, MA 02199<br><br>**BOSTON PROPERTIES MANAGEMENT, INC.**<br>800 Boylston Street, Suite 1900<br>Boston, MA 02199<br><br>**BOSTON PROPERTIES, INC.**<br>800 Boylston Street, Suite 1900<br>Boston, MA 02199<br><br>**CUMMINS INC.**<br>500 Jackson Street<br>Columbus, IN 47202<br><br>*Defendants* | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Mulushoa Zenebe, by and through undersigned counsel, files this Complaint against Defendants BP 1330 Connecticut Avenue, LLC, Boston Properties, Inc., and Boston Properties Management, Inc., (collectively, "Boston Properties") and Defendant Cummins Inc. ("Cummins"), jointly and severally, on the grounds and in the amount set forth herein for injuries Plaintiff sustained after a fall caused by Defendants' negligence on or about August 29, 2017 in the District of Columbia.

**PARTIES**

1. Plaintiff is an adult resident of the District of Columbia.

2. Defendant BP 1330 Connecticut Avenue, LLC ("BP, LLC") is a Delaware corporation with its principal place of business in the Commonwealth of Massachusetts. BP, LLC owns 1330 Connecticut Avenue, N.W., in the District of Columbia, the situs of plaintiff's injury, and conducts business in the District of Columbia.

3. Defendant Boston Properties, Inc. ("BP, Inc.") is a Delaware corporation with its principal place of business in the Commonwealth of Massachusetts, and upon information and belief, manages 1330 Connecticut Avenue, N.W., and conducts business in the District of Columbia.

4. Defendant Boston Properties Management, Inc. ("BPM, Inc.") is a Delaware corporation with its principal place of business in the Commonwealth of Massachusetts, and upon information and belief, manages 1330 Connecticut Avenue, N.W., and conducts business in the District of Columbia.

5. Defendant Cummins Inc. ("Cummins") is incorporated and maintains its principal place of business in the State of Indiana and conducts business in the District of Columbia.

**JURISDICTION & VENUE**

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

7. BP 1330 Connecticut Avenue, LLC, Boston Properties, Inc., and Boston Properties Management, Inc. are all Delaware corporations and maintain principle places of business in the Commonwealth of Massachusetts.

8. Cummins Inc. is an Indiana corporation and maintain its principle place of business in the State of Indiana.

9. There is complete diversity of citizenship between the parties, and Plaintiff's damages are in excess of $75,000.00.

10. Venue is properly laid in the District of Columbia as all events giving rise to this action occurred within the District of Columbia.

## FACTS

11. On or about August 29, 2017, Plaintiff was employed as a parking attendant for Colonial Parking at a commercial office building located at 1330 Connecticut Avenue, N.W. in Washington, D.C.  (hereinafter "1330 Connecticut")

12. 1330 Connecticut is owned by Defendant BP 1330 Connecticut Avenue, LLC. ("BP, LLC")

13. Defendant BP, LLC manages 1330 Connecticut.

14. Defendant Boston Properties, Inc. ("BP, Inc.") manages 1330 Connecticut.

15. Defendant Boston Properties Management, Inc. ("BPM, Inc.") manages 1330 Connecticut.

16. Defendant Cummins provides heating, ventilation and air conditioning services for commercial buildings ("HVAC").

17. On or about August 29, 2017, Cummins was providing HVAC services at 1330 Connecticut Avenue at the direction of and in conjunction with the Boston Property Defendants.

18. At all times relevant to this action, Cummins was the agent of the Boston Property Defendants acting within the scope of its duties.

19. While Cummins was providing HVAC services, the HVAC unit(s) at 1330 Connecticut shutdown, causing an air conditioning outage.

20. In response, Cummins and the Boston Properties defendants brought in emergency HVAC equipment and strung large power cables in a dangerous, haphazard, and illegal manner on the ground through the entranceway of 1330 Connecticut's underground parking, where Plaintiff was stationed as an attendant.

21. Defendants failed to mark, guard or warn anticipated users, including Plaintiff, of the presence of the dangerous, emergency cables.

22. On the morning of August 29, 2017, Plaintiff was working her normal duties as an employee of Colonial Parking at the parking garage at 1330 Connecticut.

23. As a tenant of 1330 Connecticut attempted to exit the underground parking, Plaintiff stepped back to allow him to pass and in doing so tripped backwards over the unmarked and unguarded cables defendants had strung along the floor of the garage entryway.

24. As a result of her fall, Plaintiff sustained life-altering and permanent personal injuries.

## COUNT 1: NEGLIGENCE

25. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26. Defendants owed Plaintiff a duty to exercise reasonable care in the maintenance of 1330 Connecticut Avenue, including the sidewalk/garage entryway, where they were performing HVAC repairs.

27. Defendants further owed Plaintiff a duty to exercise reasonable care in the installation of HVAC cables, and to lay these cables in a manner reasonably safe for anticipated users, including Plaintiff.

28. Defendants further owed Plaintiff a duty to warn of known hazards, and maintain the premises free of hazards, and to inspect, correct and repair hazards, and if the hazard cannot be immediately repaired, to guard such hazard.

29. Defendants further owed Plaintiff a duty to adhere to the then existing life, health and safety codes.

30. Defendants breached their duty of care by, *inter alia*,

   a. negligently placing dangerous cables across the garage entryway;

   b. negligently placing, and leaving in a place, dangerous obstructions to public travel;

   c. negligently failing to warn foreseeable users, such as Plaintiff, of the dangers posed by the obstructions;

   d. negligently failing to use a barrier, sign, flag, marking or other mechanism to eliminate and/or mitigate the dangers posed by the cables;

   e. negligently failing to supervise the worksite;

   f. negligently failing to keep and maintain walking surfaces in a clean, orderly, and sanitary condition, free of hazards, and to inspect, correct and repair hazards before anticipated users are exposed to danger, and if the hazard cannot be immediately repaired, to guard such hazard; and

   g. otherwise negligently failing to adhere to the national standard of care for life, health and safety.

31. As a direct and proximate result of the Defendants' breaches of the standard of care plaintiff suffered severe personal injuries and other pecuniary and non-economic losses.

## **COUNT 2: NEGLIGENCE *PER SE***

32. Plaintiff incorporates the preceding and paragraphs as if fully set forth herein.

33. On August 29, 2017, in the District of Columbia there existed Municipal Regulation Title 24, Section 2001.1, which provides relevant part:

> For purposes of this section, the term "public space" includes any street, avenue, alley, highway, footway, sidewalk, parking, or other public space in the District of Columbia.

34. On August 29, 2017, in the District of Columbia there existed Municipal Regulation Title 24, Section 2001.4, which provides relevant part:

> No person shall occupy with, place, leave, or cause to be placed or left on public space, any obstruction to travel that is dangerous to life and limb, without protecting and guarding that public space.

35. On August 29, 2017, in the District of Columbia there existed Municipal Regulation Title 24, Section 2001.5(a), which provides relevant part:

> The protection of public space required under §2001.4 shall include the display of red flags or other danger signals during the time of the occupancy of the public space.

36. On August 29, 2017, the Occupational Safety and Health Act of 1970 applicable in the District of Columbia, reads in relevant part:

> [S]upervisory authority over the worksite, including the power to correct safety and health violations itself or require others to correct them. Control can be established by contract or, in the absence of explicit contractual provisions, by the exercise of control in practice.

6

> See 29 C.F.R. §1926.10 *et seq.*; See also OSHA Instruction CPL 2.103.

37. Both Boston Properties and Cummins Inc. were Controlling Contractors on August 9, 2017 over the situs in which Plaintiff sustained personal injuries.

38. On August 29, 2017, OSHA Subpart D §1910.22(a) as applied in the District of Columbia, reads in pertinent part that [a] employer must ensure:

> All places of employment, passageways, storerooms, service rooms, and walking-working surfaces kept in a clean, orderly, and sanitary condition.
>
> Id. at §1910.22(a)(1).
>
> Walking-working surfaces are maintained free of hazards such as sharp or protruding objects, loose boards, corrosion, leaks, spills, snow, and ice.
>
> Id. at §1910.22(a)(3).
>
> Inspection, maintenance, and repair. The employer must ensure:
>
> Walking-working surfaces are inspected, regularly and as necessary, and maintained in a safe condition;
>
> Id. at §1910.22(d)(1).
>
> Hazardous conditions on walking-working surfaces are corrected or repaired before an employee uses the walking-working surface again. If the correction or repair cannot be made immediately, the hazard must be guarded to prevent employees from using the walking-working surface until the hazard is corrected or repaired.
>
> Id. at §1910.22(d)(2).

39. On August 29, 2017, the Boston Properties defendants and Cummins Inc. violated the aforesaid regulations.

40. The aforesaid regulations were designed and enacted for the purpose of preventing the type of harm Plaintiff suffered.

41.     Plaintiff is a member of the class of persons the aforesaid regulations were promulgated and enacted to protect.

42.     The Boston Properties defendants and/or Cummins Inc.'s violations of the aforesaid regulations were the actual and proximate causes of Plaintiff's severe personal injuries and other pecuniary and non-economic losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mulushoa Zenebe demands judgment against all Defendants, jointly and severally, in the amount of THREE MILLION DOLLARS ($3,000,000.00) in actual, compensatory damages and non-economic damages, plus her fees, costs, and expenses as necessitated in bringing this action, and any other such relief this Court deems just and proper.

Plaintiff demands a trial by jury of any and all issues in this action so triable.

Respectfully submitted,
MULUSHOA ZENEBE

By: /S/ JONATHAN E. HALPERIN

**Jonathan E. Halperin, Esq.,** #435512
ZUKERBERG & HALPERIN, PLLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Tel: (804) 527-0100
Fax: (804) 597-0209
jonathan@hlc.law

By: /S/ PAUL ZUKERBERG

**Paul Zukerberg, Esq.,** #388152
ZUKERBERG & HALPERIN, PLLC
1790 Lanier Place NW
Washington, D.C. 20009
Tel: (202) 232-6400
Fax: (202) 232-5746
paul@zukerberg.com

By: /S/ MICHAEL A. YODER

**Michael A. Yoder, Esq.,** #1600519
ZUKERBERG & HALPERIN, PLLC
1790 Lanier Place NW
Washington, D.C. 20009
Tel: (202) 232-6400
michael@zukerberg.com

*Attorneys for Plaintiff*